UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLORIA TYLER-MALLERY, CAROL ROBINSON,<br><br>             Plaintiffs,<br>v.<br>GMAC MORTGAGE, LLC, *et al.*,<br><br>             Defendants. | Civil No. 09cv2917 JAH(JMA)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO DISMISS FEDERAL CLAIMS [DOC. # 11] AND MOTION TO REMAND [DOC. # 12]** |

The instant complaint, filed originally before the San Diego County Superior Court on December 3, 2009, was removed to this Court on December 29, 2009, based solely on federal question jurisdiction. *See* Doc. # 1. Various defendants subsequently filed motions to dismiss the complaint. *See* Docs. # 5, 7, 8. In response to those motions, and apparently in lieu of filing opposing briefs, plaintiff Gloria Tyler-Mallery, appearing *pro se*, filed a motion seeking to dismiss the federal claims presented in the complaint and a motion to remand the action based on the fact that, once the Court dismisses the federal claims, only state law claims remain which are more appropriately heard before the state court. *See* Docs. # 11, 12. Defendants Mortgage Electronic Registration Systems, Inc. and Ocwen Loan Servicing, LLC ("defendants MERS and Ocwen") filed opposing briefs to both motions, *see* Docs. # 13, 14, and defendants GMAC Mortgage, LLC and Executive Trustee Services, LLC ("defendants GMAC and ETS") filed an opposition to the motion to remand. *See* Doc. # 15. All motions were subsequently taken under submission

without oral argument. *See* CivLR 7.1(d.1); Doc. # 19.

After a thorough review of the pleadings submitted by the parties, this Court, on August 6, 2010, found that it was not sufficiently clear from the record whether plaintiff Carol Robinson wished to join in her co-plaintiff's motion to dismiss or motion to remand or whether plaintiffs jointly wished to dismiss all federal claims presented in the complaint.[1] Thus, this Court directed plaintiffs to clarify those issues in a supplemental pleading and provided defendants with the opportunity to respond to plaintiffs' supplemental pleading. *See* Doc. # 25 at 2.

Plaintiffs filed their supplemental brief on August 16, 2010, indicating that both plaintiffs jointly move to dismiss (and therefore abandon) <u>all</u> federal claims and seek to remand the remaining claims back to the state court for all further proceedings. *See* Docs. # 27, 28. No response to the supplemental pleading was filed by any party. There being no opposition[2] to plaintiffs' request to voluntarily dismiss their federal claims, this Court finds no reason to deny the request, thereby leaving only plaintiffs' state law claims intact.

As to plaintiffs' motion to remand, this Court has the discretion to decline or to continue to exercise supplemental jurisdiction over state law claims after federal claims have been dismissed. Under 28 U.S.C. § 1367, a district court may exercise supplemental jurisdiction over state law claims that "form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. § 1367(a). 28 U.S.C. § 1367(c) also explicitly allows a reviewing court to decline to exercise supplemental jurisdiction if:

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or

---

[1] Responding defendants each opposed plaintiffs' motion to remand on the grounds that only plaintiff Gloria Tyler-Mallery moved to dismiss and to remand and did not list all federal claims in the motion to dismiss, omitting the federal RICO claim from the dismissal request. *See* Doc. # 13 at 2; Doc. # 15 at 3-4. However, because plaintiffs' are appearing *pro se*, this Court deemed it appropriate to provide plaintiffs the opportunity to rectify those omissions. *See* Doc. # 25 at 1.

[2] Defendants MERS and Ocwen filed an opposition to the motion to dismiss based on the sole fact that the federal RICO claim was omitted from the request. *See* Doc. # 14 at 2. Since plaintiffs have now indicated their intent to dismiss all federal claims, that argument is moot.

   (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. §§ 1367(c)(1)-(4). Thus, it is well within a court's discretion to exercise, or decline to exercise, supplemental jurisdiction over state law claims. United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966); Schneider v. TRW, Inc., 930 F.2d 986, 994 (9th Cir. 1991). When deciding whether to exercise supplemental jurisdiction, a court should consider judicial economy, convenience, fairness and comity. Gibbs, 383 U.S. at 726. The balance of factors tips in favor of declining to exercise supplemental jurisdiction when federal claims have been dismissed from a lawsuit. Carnegie Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988); Gibbs, 383 U.S. at 726; Gini v. Las Vegas Metropolitan Police Dept., 40 F.3d 1041, 1046 (9th Cir. 1994).

  Defendants GMAC and ETS oppose plaintiffs' remand request, contending that the Court's subject matter jurisdiction is not affected by dismissal of all federal claims as long as federal subject matter jurisdiction existed at the time of removal. Doc. # 15 at 4-5 (citing Sparta Surgical Corp. v. National Association of Securities Dealers, Inc., 159 F.3d 1209, 1213 (9th Cir. 1998)("plaintiff may not compel remand by amending a complaint to eliminate federal question upon which removal was based."). This Court agrees with defendants GMAC and ETS that this Court has not been stripped of subject matter jurisdiction by dismissal of the federal claims. However, this Court still retains discretion to decline to exercise jurisdiction over the remaining state law claims if the balance of factors weigh in favor of declining jurisdiction. *See* 28 U.S.C. § 1367(c). Thus, this argument is unavailing.

  This Court finds the first and second factors tip the scales in favor of declining to exercise supplemental jurisdiction over plaintiffs' remaining state law claims. The second factor has clearly been met since the Court has dismissed plaintiffs' federal claims over which this Court has original jurisdiction, leaving only complex state law claims for resolution. *See* 28 U.S.C. § 1367(c)(1), (2); Carnegie Mellon, 484 U.S. at 350; Gibbs, 383 U.S. at 726; Gini, 40 F.3d at 1046. As to the first factor, although defendants MERS and

Ocwen, in their opposition to plaintiffs' motion to remand, contend plaintiffs' state law claims are merely "garden variety" claims,[3] this Court disagrees. *See* Doc. # 13 at 4. However, plaintiffs' state law claims include allegations of fraud, negligence, fraudulent misrepresentation, breach of fiduciary duty, unjust enrichment, civil conspiracy, usury, unfair debt collections practices and slander of title, as well as claims that defendants violated various California statutes, such as California Civil Code §§ 2924, 2923.5, 2923.6, and California Financial .Code §§ 4970-4970.8,  These claims do not, in this Court's view, appear to be merely "garden variety" claims.  As such, this Court finds that plaintiffs' remaining claims present complex state issues, further tipping the scale in favor of declining jurisdiction.

Defendants MERS and Ocwen also contend that this Court should retain jurisdiction over the state law claims in the interests of "'judicial economy, convenience, fairness, and comity.'" Doc. # 13 at 4-5 (quoting City of Chicago v. International College of Surgeons, 522 U.S. 156, 173 (1997)).  Defendants MERS and Ocwen claim that "[t]o remand this case back to state court at this juncture will unnecessarily prolong the timeframe for resolving the matter, cause the imposition of unnecessary additional legal fees to retool Defendants' motions to dismiss into state court responses, and prejudice Defendants' rights to have the matter heard in federal court." Id. at 5.  This Court again disagrees with defendants MERS and Ocwen.  This Court notes that only two of the ten defendants filed answers to the complaint and six of the defendants have filed motions to dismiss which, if granted, would likely result in an amended complaint being filed.  Thus, continuing to exercise jurisdiction over the state law claims does not appear to effect the timeframe for resolution of the case nor require less litigation since this case is still in its infancy.  This Court finds defendants will not be unduly prejudiced by having to litigate the remaining state law claims in the state court as opposed to this one.  This Court, therefore, deems it appropriate to decline to exercise supplemental jurisdiction over

---

[3] Defendants MERS and Ocwen also claim that, because the RICO claim was omitted from plaintiffs' dismissal request, the second and third factors are not met. *See* Doc. # 13 at 4.  Since plaintiffs have now clarified their dismissal request to include the RICO claim, this argument is moot.

plaintiffs' remaining state law claims. Accordingly, the Court GRANTS plaintiffs' motion to remand the remaining state law claims back to state court.

Plaintiffs, in their motion to remand, seek an order requiring defendants to pay plaintiffs' costs and actual expenses, including attorney's fees, incurred by reason of the removal proceedings. *See* Doc. # 12 at 2. However, as noted by defendants GMAC and ETS, "'when an objectively reasonable basis [for removal] exists, fees should be denied.'" Doc. # 15 at 5 (quoting Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005). The record clearly indicates that there was an objectively reasonable basis for removal of this case to this Court and, therefore, an award of fees and costs to plaintiffs is not warranted.

## CONCLUSION AND ORDER

Based on the foregoing, IT IS HEREBY ORDERED that:

1. Plaintiffs' motion to dismiss [doc. # 11] all federal claims contained in the instant complaint is **GRANTED**;
2. Plaintiffs' motion to remand [doc. # 12] their remaining state law claims back to state court is **GRANTED;** and
3. Plaintiffs' request for fees and costs is **DENIED.**

Dated:     August 31, 2010

JOHN A. HOUSTON
United States District Judge